## Howard et al. v. Risnor et al.

Oct. 1, 1943.

A. H. Patton for appellants.

Williams & Allen for appellees.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

Alleging their ownership of a tract of land described by metes and bounds containing 125 acres, and that appellants had trespassed on a portion thereof by raising crops and cutting timber, appellees instituted this action to enjoin further trespassing and to recover $300 damages. Appellants, by answer and counterclaim, traversed the allegations of the petition and asserted title in themselves, by adverse possession, to a smaller tract of approximately four acres, described by courses and distances, concerning which, appellants alleged "that they do not know, or have sufficient information to state whether or not this conflicts with the boundary set out in plaintiff's petition; but allege that if it does, that to the extent of said conflict, if any, they are the owners thereof, and the plaintiffs have no title thereto." The prayer of the answer and counterclaim was that the petition be dismissed and that the appellant, Gold Howard, be adjudged the owner of the tract in dispute. By an amended answer and counterclaim, apparently filed during the course of the trial, appellants alleged that Gold Howard was the owner of and in possession of a 50 acre tract, described by metes and bounds, acquired by a deed dated March 29, 1905, and that "the said boundary covers the land in dispute, consisting of about four acres, and lying

on the right hand side of said ridge on which the Risnor graveyard is located, and on the Quicksand side of the ridge, and the said land is from that part of the boundary enclosed by the description from where the gum and hickory stood, running up the direction of the creek and across a drain to the top of the main ridge at Joseph Lovel's corner; thence with the main ridge which lies below the top of the main ridge and the top of the ridge running up on what is known as Risnor Grave Yard." Appellees' title to the 125 acre tract was based upon a deed dated January 3, 1914, but they made no attempt to trace their title to the Commonwealth. However, they introduced testimony which, in view of the fact that they held possession under color of title, was sufficient to establish a prima facie case of adverse possession of the entire 125 acres. Appellants, on the other hand, were able to trace the paper title of Gold Howard to the 50 acre tract through mesne conveyances to a grant from the Commonwealth. The only real issue raised by the proof, aside from the value of the timber cut, was, whether the four acre tract was embraced within appellees' 125 acre boundary or within Gold Howard's 50 acre boundary. The jury found appellees to be the owners of the tract in controversy and awarded them $150 in damages for "timber and use of said land;" and from the judgment entered on that verdict, this appeal is prosecuted.

The Court, by its first instruction to the jury, submitted in appropriate language appellees' claim of title to the 125 acre tract; and by an instruction designated "1A" informed the jury "that unless they believe from the evidence that the lines and calls set out in defendant's amended answer and counter-claim enclose the tract of land in controversy, then it is the duty of the jury to find for the plaintiff." It is insisted by appellants that Instruction 1A was erroneous because the jurors did not have before them in the jury room the description of the 50 acre tract; and that Instruction 1 was erroneous because there was no evidence that appellees had acquired title to the 125 acre tract by adverse possession. But, as we have before indicated, there was sufficient evidence introduced by appellees to establish in them a prima facie title to the 125 acre tract by adverse possession; and we know of no rule which would have required the Trial Court to set forth in the instructions a detailed description of the 50 acre tract, a description which the

jury had heard read and analyzed from the witness stand.

Appellants' counsel makes no effort to point out the alleged deficiency in the proof offered by appellees to establish their title by adverse possession to the 125 acre tract, and accordingly we shall not attempt a recital of the testimony bearing on this subject.

No plat showing the location of any of the tracts or natural objects referred to in the pleadings or evidence was introduced, and for that reason it is difficult for us to follow the testimony on which appellants base their claim that the four acre tract in controversy was included within the boundary of the 50 acre tract to which the appellant, Gold Howard, proved a paper title. Since appellants' counsel has made no effort either to set forth or analyze this testimony, we shall pursue a similar course and content ourselves with a statement of the one certainty at which we have been able to arrive respecting the four acre tract, namely, that there was ample evidence, particularly that of the one surveyor who testified, to support the jury's finding that it was included within the 125 acre tract to which appellees established title by adverse possession. Since appellants did not show any actual possession of the four acre tract in controversy, the real question at issue was whether they had shown a paper title thereto; and accordingly, if the instructions referred to are subject to any criticism, it is that they should have been confined to the single issue which the Court submitted by Instruction 1A.

Finally appellants complain that the joint verdict against them was not warranted by the instructions or the evidence, and that the amount of damages awarded was excessive. While the instruction on the subject of monetary damages might have been worded so as to state more accurately those who should respond in the event the jury found for appellees on the issue of ownership, we think that it sufficiently conveyed the idea that the jury might find against all the appellants, and that the pleadings and proof justified such a finding. We are also of the opinion that in the absence of more definite proof as to the value of the timber cut and removed and the rental value of the land on which appellants planted crops, we would not be justified in holding that the amount awarded as damages was excessive.

Judgment affirmed.